**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

WANDA E. DUGGINS,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
AT-315H-17-0582-I-1

DATE: May 25, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wendell J. Echols, Sr., Tuskegee, Alabama, for the appellant.

W. Robert Boulware, Esquire, Montgomery, Alabama, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On January 8, 2017, the agency appointed the appellant to the competitive-service position of WG-06 Motor Vehicle Operator, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 9. Five months into her appointment, on June 9, 2017, the agency terminated the appellant for unacceptable conduct. *Id.* at 10-13.

¶3    The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2, 4. She disputed the merits of her termination, arguing that she demonstrated good performance, and that the agency failed to give her any warning before terminating her. *Id.* at 6. The administrative judge issued a jurisdictional order, informing the appellant that the Board may not have jurisdiction over her appeal and notifying her of the standard for establishing jurisdiction under both 5 C.F.R. § 315.806 and 5 U.S.C. chapter 75. IAF, Tab 3. The administrative judge ordered the appellant to file evidence and argument to prove that the appeal is within the Board's jurisdiction. *Id.* at 4-5. The agency filed a motion to dismiss the appeal for lack of jurisdiction, IAF, Tab 5, and the appellant filed a response

in opposition, arguing that she has Board appeal rights as a reinstatement eligible, IAF, Tab 6. The administrative judge issued an initial decision, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction and dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 7, Initial Decision (ID) at 4.

¶4 The appellant has filed a petition for review, reasserting her argument that she has Board appeal rights as a reinstatement eligible. Petition for Review (PFR) File, Tab 2. The agency has filed a response. PFR File, Tab 4.

## ANALYSIS

¶5 Individuals who are serving a probationary or trial period under an initial appointment and who have not completed 1 year of current continuous service have no right to appeal their terminations to the Board under the adverse action provisions of 5 U.S.C. chapter 75. *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002). In this case, it appears to be undisputed that the appellant lacked 1 year of current continuous service. However, she argues that she has chapter 75 appeal rights on the basis that she was eligible for reinstatement under 5 C.F.R. § 315.401. PFR File, Tab 1. She seems to imply that she completed a probationary period under a previous appointment and that she should therefore not have been required to serve a probationary period during the appointment at issue. *Id.*; *see* 5 C.F.R. §§ 315.402(b), .801(a)(2).

¶6 We have considered the appellant's allegations of fact, but even if they are true, we find them to be immaterial because an agency's ability to reinstate an employee under 5 C.F.R. § 315.401 is discretionary. *Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 512-13 (1987). In other words, even if the appellant were eligible for reinstatement, this does not mean that she was, in fact, appointed by reinstatement, and there is nothing in the appeal file to indicate that she was. *Cf. Armstrong v. Department of the Navy*, 6 M.S.P.R. 273, 274-75 (1981).

¶7      For the reasons explained in the initial decision, we agree with the administrative judge that the Board lacks jurisdiction over the instant appeal. ID at 2-4. The appellant does not qualify as a competitive-service employee with adverse action appeal rights because she was serving a 1-year probationary period when she was terminated, and she did not have 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *See* 5 U.S.C. § 7511(a)(1)(A); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶¶ 9-10 (2010). In addition, it is undisputed that the appellant was terminated for postappointment reasons, and she has not alleged that her termination was based on partisan political reasons or marital status. IAF, Tab 5 at 10; *see Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶¶ 6, 10 (2012), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013); 5 C.F.R. §§ 315.804, .806(a)-(b).

## NOTICE OF APPEAL RIGHTS[2]

     You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.